UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN MARK KAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  14-CV-1447 |
| | ) |
| SGT. MORGAN, and | ) |
| JOHN OR JANE DOE, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

JAMES E. SHADID, U.S. District Judge.

Plaintiff, proceeding pro se from his incarceration in the Lincoln Correctional Center, pursues claims arising from his wrongful conviction and incarceration in 2011.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, even under a liberal construction, Plaintiff states no federal claims that can proceed.

## ALLEGATIONS

On July 6, 2011, Plaintiff was arrested and charged with a violation of 730 ILCS 150/6—failure of a registered sex offender to register a change of employment. Plaintiff had lost his job and had not found another. Plaintiff alleges that he was pressured to plead guilty and was serving his sentence when, on or around May of 2013, the Illinois Appellate Court vacated Plaintiff's conviction. The Appellate Court held that 730 ILCS 150/6 did not apply to Plaintiff. The Appellate Court reasoned that the plain meaning of "change in place of employment" meant leaving one place of employment for another, not becoming unemployed. *People v. Kayer*, 988 N.E.2d 1097, 1100-1101 (7th Cir. 2013). Judge Steigmann dissented from the majority opinion on the grounds that a "change" in employment necessarily included losing employment, whether or not new employment was found.

Plaintiff seems to be alleging that it should have been obvious to all involved in his arrest and prosecution that he had not violated the plain language of 730 ILCS 150/6. He seeks compensation for the time he spent wrongfully incarcerated, which he says was 20

months. According to the IDOC website, Plaintiff is currently incarcerated in the IDOC on different charges of failure to register.

## ANALYSIS

The only possible federal claim that Plaintiff might be able to pursue is a Fourth Amendment false arrest claim against the arresting officer. However, a false arrest claim would be barred by the two-year statute of limitations, since Plaintiff was arrested in July of 2011 and did not file this case until more than three years later. A false arrest claim accrues at the time of the arrest, not when a conviction is vacated. *Bryant v. City of Chicago*, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, 42 U.S.C. 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013)(quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)(Statute of limitations starts to run on Fourth Amendment false arrest claim when "'claimant becomes detained pursuant to the legal process.'").[1]

Plaintiff cannot pursue a federal claim arising from his prosecution and incarceration. The prosecuting attorney is

---

[1] The arresting officer would likely be entitled to qualified immunity on a false arrest claim, given that even the Appellate Court Judges did not agree on how the statute should be interpreted, but that issue is not before the Court.

absolutely immune from a suit for damages for bringing and pursuing criminal charges, and the sentencing Judge is immune from suit for his rulings. *Lewis v. Mills*, 677 F.3d 324 (7th Cir. 2012)(A prosecutor is absolutely immune from a § 1983 suit for choosing to initiate or pursue criminal charges); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions . . . .")

If Plaintiff believes that his counsel failed to adequately represent him in the criminal proceedings, that is a state law malpractice action: Public defenders and private attorneys are not state actors under 42 U.S.C. Section 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981). Lastly, even putting aside immunity hurdles, Plaintiff cannot pursue a federal malicious prosecution action because an action for malicious prosecution is available under state law. *Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014)("federal suit for malicious prosecution by state officers is permissible only if the state in which the plaintiff had been prosecuted does not provide an adequate remedy").[2]

---

[2] The Court does not decide here whether Plaintiff has a viable state law claim for malicious prosecution. However, the Court does note that pleading malice might be difficult because the only question in Plaintiff's criminal case

Plaintiff may be able to petition the state court for a certificate of innocence pursuant to 735 ILCS 5/2-702, which might then enable him to seek damages in the Illinois Court of Claims. *See People v. Dumas*, 988 N.E.1d 713 (2d Dist. 2013)(innocence finding allows a defendant to seek relief in the Court of Claims for wrongful incarceration). However, that remedy must be pursued in state court, not federal court.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for the reasons stated above, and this case is closed. All pending motions are denied as moot (2, 3).

2) The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) The clerk is directed to obtain Plaintiff's trust fund ledgers and to assess the statutorily required fees. 28 U.S.C. Section 1915(b)(1) requires Plaintiff to pay the filing fee in installments even though his case is being dismissed.

---

appeared to be a statutory interpretation question. *See Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996)(elements of state malicious prosecution claim are: 1) pursuit of criminal proceedings against the plaintiff without probable cause; 2) termination of those proceedings in the plaintiff's favor; 3) malice by the defendants; and, 4) damages suffered by the plaintiff).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: **11/24/2014**

FOR THE COURT:                          **s/ James E. Shadid**

                                                    JAMES E. SHADID
                                     UNITED STATES DISTRICT JUDGE